IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dwight Spears, | ) | C/A No. 0:14-281-RBH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Warden Mansukhani, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Dwight Spears ("Petitioner"), a self-represented prisoner confined at Federal

Correctional Institution ("FCI") Estill, filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule

73.02(B)(2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court

concludes that it should be summarily dismissed.

## I.    Factual and Procedural Background

On July 22, 2008, a jury found Petitioner guilty of conspiring to murder a federal law

enforcement officer in violation of 18 U.S.C. § 1115(a)(1)(A). (ECF No. 1 at 2.) This court

sentenced Petitioner to 240 months' imprisonment on December 4, 2008. (Id.) Petitioner appealed

and the United States Court of Appeals for the Fourth Circuit affirmed in part, vacated in part, and

remanded Petitioner's case for re-sentencing under 18 U.S.C. § 1114. (Id.); see also United States

v. Spears, No. 08-5216, 2009 WL 3748573 (4th Cir. Nov. 10, 2009). On May 13, 2010, this court

re-sentenced Petitioner to 240 months' imprisonment under § 1114 and Petitioner again appealed.

(ECF No. 1 at 2.) The Fourth Circuit affirmed, but remanded the case for correction of a clerical

mistake on the second amended criminal judgment. (Id.); see also United States v. Spears, No. 10-



4547, 2011 WL 2109943 (4th Cir. May 27, 2011). Petitioner filed a petition for a writ of certiorari, which the United States Supreme Court denied. (ECF No. 1 at 2); see also Spears v. United States, 132 S. Ct. 785 (Nov. 28, 2011). On October 19, 2012, Petitioner filed a motion pursuant to 28 U.S.C. § 2255, which remains pending. (ECF No. 1 at 2); see also United States v. Manigan, 7:08-cr-112-JMC (D.S.C. Feb. 12, 2008).[1] Petitioner claims actual innocence of his conviction under § 1114, and seeks immediate release from incarceration. (ECF No. 1 at 6–8, 11.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with

---

[1] A court may take judicial notice of its own records. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.' ") (citation omitted).

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

The instant petition, filed pursuant to 28 U.S.C. § 2241, is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to



> the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000).  In this case, Petitioner's pleading and records reflect that he currently has a motion under § 2255 pending in this court.  Moreover, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion."  See In re Vial, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention.  In In re Jones, 226 F.3d 328 (4th Cir. 2000), the court held that a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.  In the present case, Petitioner alleges that he is "actually innocent" of violating 18 U.S.C. § 1114.  (ECF No. 1 at 3.)  Petitioner argues that "§ 1114 does not criminalize the conduct of conspiracy to murder a federal law enforcement officer."  (Id. at 4–5.)  However, Petitioner has not demonstrated that the conduct for which he was convicted has been deemed non-criminal by any substantive law change since his direct appeal or first § 2255 motion.  As Petitioner

has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality

of his conviction or sentence, this matter should be dismissed.

**III.     Conclusion**

Accordingly, the court recommends that the petition in the above-captioned case be

dismissed without prejudice and without requiring the respondent to file a return.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 21, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).