IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dwight Spears, ) | Civil Action No.: 0:14-cv-00281-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Mansukhani, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Dwight Spears, a federal prisoner proceeding *pro se*, filed this petition under 28 U.S.C. § 2241, challenging his conviction. The matter is now before the Court for review after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] The Magistrate Judge recommends that this Court summarily dismiss Petitioner's petition *without prejudice* because his claims are not cognizable in a § 2241 petition.

In July 2008, a jury found Petitioner guilty of conspiring to murder a federal law enforcement officer. He was sentenced to 240 months in prison.[2] He filed a § 2241 petition in February 2014, challenging his conviction and sentence. Pet., ECF No. 1. The Magistrate Judge issued an R&R on March 21, 2013, recommending that the petition be dismissed. R&R, ECF No. 8. Petitioner filed timely objections to the R&R. Pet'r's Objs., ECF No. 11.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] Because the facts are well-represented in the Magistrate Judge's R&R, any further discussion of the facts by this Court is unnecessary.

determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*  Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends dismissing Petitioner's petition *without prejudice* because his challenge is not cognizable in a § 2241 petition.  Specifically, the Magistrate Judge concludes that "Petitioner has not shown that a motion filed pursuant to § 2241 is inadequate or ineffective to test the legality of his conviction or sentence." R&R 5.  In his objections, Petitioner fails to explain why the Magistrate Judge's recommendation is erroneous.  Instead, Petitioner continues to argue that the *Fourth Circuit* committed error in finding that Petitioner was properly found guilty under 18 U.S.C. § 1114—even when 18 U.S.C. § 115(a)(1)(A) was erroneously cited in the indictment and criminal judgment.  The Fourth Circuit's decision, however, is the law of the case and binding on this Court, and a § 2241 petition, a vehicle primarily for challenges to the *executions* of a sentence, is not an appropriate remedy to review a decision of a federal appellate court.  Such an interpretation, moreover, runs against the established rule, as the Magistrate Judge

2

explains in her R&R, that § 2241 petitions are appropriate vehicles to challenge convictions or sentences imposed only when § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e). Petitioner, in his objections, fails to explain how § 2255 is an inadequate or ineffective remedy. Accordingly, the Magistrate Judge's recommendation is proper, and Petitioner's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed Petitioner's § 2241 petition, the Magistrate Judge's R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Petitioner's petition is **DISMISSED** *without prejudice* and without requiring Respondent to respond.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
October 3, 2014